IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY HANAWAY and<br>MARK HANAWAY,<br><br>        Plaintiffs,<br><br>v.<br><br>COBRA ENTERPRISE OF UTAH,<br>INC.; and SUPERPAWN NO. 2,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-16-1212-C<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

On December 17, 2013, Plaintiff Wendy Hanaway was injured when a firearm she was carrying in her purse discharged. Plaintiffs then filed an action in the District Court of Oklahoma County, State of Oklahoma, asserting claims against Defendants Cobra and Superpawn. Plaintiffs asserted claims against Superpawn for negligence and against Cobra for negligence, strict liability, and gross negligence. Plaintiffs also bring a claim against Cobra for breach of implied warranty. When the action was filed it could not have been brought in this Court as both Plaintiffs and Superpawn are citizens of the State of Oklahoma. However, after Plaintiffs were deposed on September 21 and 22, 2016, Defendant Cobra believed that certain statements made in those depositions indicated that Plaintiffs had no valid cause of action against Superpawn. Defendant Cobra then removed this action to this Court, arguing that Superpawn had been fraudulently joined and could be dismissed and therefore complete diversity existed among the proper parties.

As the party invoking removal jurisdiction of the federal court, Defendant Cobra bears a substantial burden of proof. In fact, there is a "presumption against its existence." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing City of Lawton v. Chapman, 257 F.2d 601 (10th Cir. 1958)). To invoke subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires that Defendant Cobra show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." If complete diversity is not present, the Court must remand.

As noted above, Defendant Cobra seeks to meet the diversity requirements by showing fraudulent joinder. To establish fraudulent joinder, Defendant Cobra must show either: "'1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Hernandez v. Liberty Ins. Corp., 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013)). A successful showing of fraudulent joinder based on the second theory requires the defendant to bear the heavy burden of showing "there is no possibility that Plaintiff would be able to establish a cause of action against the [non-diverse] defendants." Id. (citations omitted). If there is even "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. Nerad v. AstraZeneca Pharm., Inc., 203 F. App'x 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

In contrast to the "reasonable basis" showing required for a successful claim, the non-liability of the defendants alleged to be fraudulently joined must be established with "complete certainty." See Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964). To determine the applicable claims and defenses, the Court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Smith v. Allstate Vehicle & Prop. Ins. Co., No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks and citations omitted).

Defendant Cobra does not argue that Plaintiffs failed to plead a claim against Superpawn in the state court Petition; rather, the sole issue is whether or not the statements made by Plaintiffs in their depositions are sufficient to disavow that valid claim against Defendant Superpawn and therefore render that Defendant fraudulently joined. There are two portions of Wendy Hanaway's deposition that are relevant to the current issue:

> Q   Do you have any - - as you sit here today, do you have any criticisms or complaints about anything that Superpawn did as it relates to the discharge of the firearm in December of 2013?
>
> A   Not really. I can't say I do.

(Dep. of Wendy Hanaway, Dkt. No. 1-6, p. 142, l. 25-p. 143, l. 4.)

The second occurred at p. 157 of the same deposition:

> Q   Other than what Mark has told you, do you have any personal - - personal knowledge as to why the gun fired on that day when it did?
>
> A   No, I do not.

> Q   Do you have any evidence that anything that Superpawn did caused the gun to fire on December 17th of 2017 [sic]?

Following an objection as to form, Plaintiff answers:

> A   I don't know. I wouldn't - - I don't know.
>
> Q   Okay. As you sit here today, do you have any specific complaints about anything that Superpawn did as it relates to this incident?
>
> A   Not specifically I guess.
>
> Q   Any generally? Any complaints about Superpawn that we haven't talked about?
>
> A   No.

(Dep. of Wendy Hanaway, Dkt. No. 1-6, p. 157, l. 21-p. 148, l. 12.).

Plaintiff Mark Hanaway responded similarly to similar questions:

> Q   With respect to the discharge of the firearm that's at issue in this case, do you have any specific complaints about anything that Superpawn did?
>
> A   No.
>
> Q   Do you have any - - any complaints that Superpawn did something that you believe led to the discharge of the weapon at issue in this case?
>
> A   No.

(Dep. of Mark Hanaway, Dkt. No. 1-5, p. 120, ll. 8-15.).

> Q   Any complaints or criticisms of anything that Superpawn did that we haven't talked about?
>
> A   No.

(Dep. of Mark Hanaway, Dkt. No. 1-5, p. 135, ll. 2-4.).

Based on this testimony, Defendant Cobra argues that Plaintiffs have disavowed any claims against Superpawn and therefore that Defendant should be dismissed leaving only diverse parties and establishing proper diversity jurisdiction in this Court.

As Plaintiffs note, they have pleaded a claim for negligence against Defendant Superpawn. In their state court petition, Plaintiffs asserted that Defendant Superpawn breached its duty by, among other things, selling a defective firearm to Plaintiff and failing to use ordinary care to keep Plaintiff from becoming injured. Those claims remain valid regardless of Plaintiffs' testimony. Plaintiffs' inability to state the nature of the claims against Defendant Superpawn does not establish the non-liability of that Defendant to a "complete certainty." To hold otherwise would require a lay plaintiff to be able to testify as to the nuances and intricacies of Oklahoma's products liability and/or negligence law. Notably, Defendants have offered no authority imposing such a duty on Plaintiffs. Defendant Cobra's reliance on <u>Ramirez v. Michelin North America, Inc.</u>, 2007 WL 2126635 (S.D. Tex. July 19, 2007), is unavailing. In that case, the deponent specifically averred that the defendant had done nothing wrong, that no claim should have been brought against that person, and that any judgment or money obtained against that defendant would be rejected.

Nothing in either Plaintiff's deposition can be stretched to suggest a similar result. Therefore, the Court finds that Defendant Cobra has failed to demonstrate that Superpawn was fraudulently joined. Remand is required.

Plaintiffs seek attorneys' fees and costs related to the removal. The Court may grant fees and costs only when the removing party "lacked an objectively reasonable basis for

5

seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While incorrect, Defendant Cobra's removal did not lack an objectively reasonable basis. Plaintiffs' request for fees will be denied.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs' Motion to Remand (Dkt. No. 10) is GRANTED. The Court Clerk shall take the necessary steps to immediately return this action to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 28th day of December, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge